UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION
AT LAW AND IN ADMIRALTY

CASE NO.: 5:24-cv-00649

IN THE MATTER OF THE
COMPLAINT OF NOVELLE DUMAS
and HENRY DUMAS,
AS OWNERS OF A 2020 BENNINGTON
MARINE PONTOON BOAT, HIN #
ETWH6560H920, FLORIDA
VESSEL REGISTRATION NUMBER FL7429SN,
FOR EXONERATION FROM
OR LIMITATION OF LIABILITY

## AMENDED CLAIMS OF FARRELL ADKINS WITH RESERVATION OF RIGHTS TO PROCEED IN STATE COURT

Claimant Farrell Adkins specifically reserves all rights to pursue all available claims in state court for resolution of any and all issues against Novelle Dumas and Henry Dumas as alleged owners of the 2020 Bennington Marine Pontoon Boat, HIN # ETWH6560H920, Florida Vessel Registration Number FL7429SN (hereinafter "Limitation Petitioners" and any other responsible parties, and alleges against the Limitation Petitioners, Third-Party Respondents and any other responsible parties. The Claimant specifically reserve all defenses asserted herein, including, without limitation, Claimant's rights to

1

pursue its claims in state court pursuant to the Savings to Suitors Clause, 28 U.S.C. § 1333, and/or all state law remedies, Claimant files these Amended Claims in the Complaint for Exoneration from and/or Limitation of, and state the follows:

## THE PARTIES AND JURISDICTION

1.    This is an action for personal injuries seeking damages in excess of $75,000.00 exclusive of interest, costs and attorneys' fees.

2.    The Claimant Farrell Adkins is sui juris and a citizen and resident of Ocala County, Florida.

3.    The Limitation Petitioner Henry Dumas is and was at all times material hereto a citizen of Tavares, Florida located in Lake County. The Limitation Petitioner is the alleged titled owner of the 2020 Bennington Marine Pontoon Boat, approximately 21 feet in length.

4.    The Limitation Petitioner Novelle Dumas is and was at all times material hereto a citizen of Tavares, Florida located in Lake County. The Limitation Petitioner is the alleged titled owner of the 2020 Bennington Marine Pontoon Boat, approximately 21 feet in length.

5.    This is an action for personal injuries that arose from an incident in Marion County, Florida.

6.      At all times material hereto the Limitation Petitioners allegedly hold title and owned, operated, co-owned and/or co-operated the subject vessel in a navigable waterway in Marian County, Florida.

7.      The Limitation Petitioners at all times personally or through an agent in Florida:

        a. Operated, conducted, engaged in or carried on a business venture in this state and/or county; and/or

        b. Had an office or agency in this state and/or county; and/or

        c. Engaged in substantial activity within this state; and/or

        d. Committed one or more of the acts stated in Florida Statutes, Sections 48.081, 48.181 or 48.193

8.      All conditions precedent for filing and maintaining this action have been fulfilled, have been waived, or do not apply.

**<ins>OTHER ALLEGATIONS COMMON TO ALL COUNTS</ins>**

9.      **<ins>DATE OF INCIDENT:</ins>** This incident occurred on February 10, 2024.

10.    **LOCATION OF INCIDENT:** This incident occurred on the Oklawaha River in Oklawaha within Marion County.

11.    **STATUS OF CLAIMANT AS OF THE DATE AND TIME OF THE INCIDENT:**    At all times material hereto, the Claimant was the lawful operator of a 2003 14-foot open motorboat with a single outboard engine with 25 HP.

12.    **LIMITATION PETITIONERS HAD KNOWLEDGE OR PRIVITY OF THE NEGLIGENCE**: The Petitioners had privity or knowledge at or before the beginning of the voyage giving rise to this incident. Therefore, privity or knowledge was imputed to the Limitation Petitioners as of the date and time of the subject incident. Henry Dumas was the owner and operator of the subject pontoon boat and was present on the vessel on the date and time of the subject incident.  Accordingly, the limitation provisions of Title 46 United States Code §§30505 (redesignated to 30523) and 30511 (redesignated to 30529) do not apply to this action.

13.    **DESCRIPTION OF INCIDENT:**    On February 10, 2024, Limitation Petitioner Henry Dumas struck the small open motorboat operated by Farrell Adkins with his pontoon boat at a high rate of speed,

without maintaining a properly lookout and while distracted socializing with his son and grandsons. Limitation Petitioner Henry Dumas violently struck the small open motorboat, smashed Farrell Adkins down and onto the deck of the vessel. The damage to the small motorboat operated by Adkins was so severe that the vessel started to sink after the impact.

14.    The Claimant had no time or opportunity to react and/or avoid injury before this collision. Before impact the motorboat operated by the Claimant was ahead of the Limitation Petitioners. At the time Adkins was operating his vessel at approximately 10-15 mph. At some point he heard the Limitation Petitioners' vessel behind him that was behind and around a small bend in the river. Adkins saw the large pontoon boat start to come around the corner at a high rate of speed. Based on the navigational rules and "rules of the road", Adkins maintained his course and reasonably believed that Petitioner Henry Dumas was going to pass him from the left side of his vessel. Shortly thereafter Adkins did not see the large pontoon boat pass him. He looked over his left-hand shoulder and did not see the pontoon boat. Adkins was confused and wondered where the pontoon boat went.

Adkins then looked over his right-hand shoulder and saw the large pontoon boat right on top of his vessel and about to strike.  Adkins felt the vessel strike and being violently thrown forward down onto the deck.  Adkins then felt water overcoming his boat.  Adkins felt the boat sink into the water and something dragging him down into the water with the boat.  Adkins felt as though he was drowning, saw sunlight above him and thought he was going to die all while experiencing felt severe pain throughout his body and including the right side of his head.

15.    Limitation Petitioner Novelle Dumas as owner/co-owner entrusted Henry Dumas with the subject pontoon boat that crashed into the small open motorboat operated by Claimant Farrell Adkins and is vicariously liable for his actions and/or inactions.

16.    Adkins was critically injured and medically rescued and taken to Ocala Regional Hospital.   At the hospital Adkins was taken directly to the Trauma Center.

17.    **DAMAGES**: As a result of The Limitation Petitioners' negligence, the Claimant sustained severe and permanent injuries, including but not limited to a traumatic brain injury, protruding,

herniated and torn thecal sacs and foraminal stenosis within his cervical spine, fractured ribs, intervertebral disc displacement, bulging and annular tearing of discs within his lumbar spine, radiculopathy, nerve impingement, sudden body tremors. Adkins also suffers from post-traumatic stress disorder (PTSD), anxiety and depression because of this incident. These injuries are permanent and significantly affect the life and abilities of Adkins. These are extremely painful injuries and have caused and will continue to cause severe disability with permanent impairment. Adkins has suffered these losses in the past and will continue to suffer in the future. These injuries and damages include but are not limited to economic damages including medical, psychological them, and other related expenses in the past and in the future; household and other related expenses in the past and in the future; lost income in the past; and lost income and income earning capacity in the future. These injuries and damages also include but are not limited to non-economic damages in the past and in the future including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life.

18. **LIST OF STATUTORY AND/OR REGULATORY VIOLATIONS**: The duties of the Limitation Petitioners and Respondents are created by Florida Statutes, Florida Administrative Code provisions, Inland and International Navigation Rules codified and adopted in Florida Statutes and the Code of Federal Regulations, and the General Maritime Law.

19. With express or implied knowledge, the Limitation Petitioners permitted and/or consented to the operation of the M/V TIMELESS by Henry Dumas who negligently and carelessly operated the vessel. The Limitation Petitioner Henry Dumas is therefore liable for the acts, omissions and/or conduct of himself and Petitioner Novelle Dumas is liable for the acts, omissions and/or conduct of Petitioner Henry Dumas.

20. The Limitation Petitioners were unsafe, incompetent and/or unfit owners and/or operators of the subject pontoon boat. This is demonstrated in part by the Limitation Petitioners' breach of their duty of reasonable care to the Claimant by violating the following statutes and/or regulations including but not limited to one or more of the following ways:

a. Violating Florida Statute § 327.33(1) by operating the vessel in a reckless manner and in willful or wanton disregard for the safety of persons or property at a speed or in a manner as to endanger or likely to endanger, life or limb or to injure any person;

b. Violating Florida Statute § 327.33(2) by failing to operate the subject vessel in a reasonable and prudent manner while having regard for other waterborne traffic, posted speed and speed restrictions, and all other attendant circumstances so as not to endanger the life, limb, or property of another person outside the vessel or to endanger the life, limb or property of another person due to the vessel overloading or excessive speed;

c. Violating Florida Statute § 327.33(3)(a) and Inland and/or International Navigational Rules resulting in a boating accident causing injury;

d. Violating Inland and International Navigation Rule 5 (33 CFR 83.05) which mandates that every vessel shall at all times maintain a proper look-out by sight and hearing as

well as by means appropriate in the prevailing circumstances and conditions so as to make a full appraisal of the situation and of the risk of collision;

e. Violating Inland and International Navigation Rule 6 (33 CFR 83.06), Safe Speed, which mandates that every vessel shall at all times proceed at a safe speed so that he or she can take proper and effective action to avoid collision and be stopped within a distance appropriate to the prevailing circumstances and conditions;

f. Violating Inland and International Navigation Rule 7 (33 CFR 83.07(a) and (b)), Risk of Collision which mandates that every vessel shall use all available means appropriate to the prevailing circumstances and conditions to determine if risk of collision exists;

g. Violating Inland and International Navigation Rule 8 (33 CFR 83.08) Action to Avoid Collision which mandates that any action taken to avoid collision be made in ample time with due regard to the observance of good seamanship;

21.    In addition to or as an alternative to the specific statutory

and/or rules violations listed above Limitation Petitioner Henry Dumas
breached his duty of care and committed acts and omissions under the
common law and/or maritime law, including but not necessarily
limited to:

    a. Negligently, carelessly and recklessly operating the vessel
in a manner that caused the collision;

    b. Negligently, carelessly and recklessly failing to keep and
maintain a safe, proper and vigilant look out for other
vessels lawfully being operated in the Intracoastal
Waterway;

    c. Negligently, carelessly and recklessly failing to keep and
maintain a safe speed or otherwise operate the vessel at a
speed that would allow for proper and effective action to
avoid a collision with another vessel, including the vessel
involved in this incident;

    d. Negligently, carelessly and recklessly failing to take all
necessary and proper actions in ample time and with due
regard for the observance of good seamanship to avoid the
subject collision;

e.  Negligently, carelessly and recklessly failing to exercise proper safety procedures and protocols in the operations of the subject vessel.

22.    Under the General Maritime Law, these violations of rules, regulations, and statutes entitle the Claimant to the presumption of causation and fault under the Pennsylvania Rule.

23.    The actions and/or inactions of the Limitation Petitioners in operating the vessels were negligent and were willful and wanton and with reckless indifference to the safety, welfare, and lives of all people using the waters including the Claimant.

## COUNT I
## NEGLIGENCE OF LIMITATION PETITIONER HENRY DUMAS

24.    The Claimant adopts, incorporates, and re-alleges paragraphs 1-23 above.

25.    This is a count for negligence against Limitation Petitioner Henry Dumas.

26.    As an owner, co-owner, and/or vessel operator, Limitation Petitioner Henry Dumas owed a nondelegable duty of reasonable care under the circumstances to safely operate, navigate, control and/or

maintain the subject pontoon boat while upon the navigable waters of the State of Florida.

27. On the date of the subject incident Henry Dumas owned, co-owned, operated, co-operated, controlled, navigated, managed, supervised, and/or directed the pontoon boat jointly, individually, and/or by supervision, control, and through direction of others. As owner, operator, and/or navigator Henry Dumas owed a reasonable duty of care under the circumstances including but not limited to acting as a reasonably prudent vessel operator operating the vessel safely, looking out for other vessels in the waterway, keeping the subject vessel in proper working order, maintaining the appropriate trim to the engines and observing all pertinent boating safety and navigational rules.

28. At all times relevant the Claimant acted reasonably, prudently and exercised due care for his own safety and the safety of others.

29. Limitation Petitioner Henry Dumas negligently, recklessly, and carelessly operated the subject vessel without keeping a proper and sufficient lookout at all times, including when the vessel was underway.

Henry Dumas operated the subject vessel at an excessive rate of speed based upon water conditions, weather conditions, and/or posted speed limits such that his vessel collided small motorboat operated by the Claimant and caused resulting injuries to the Claimant.

30.    **DUTY**: By operating the subject vessel on the date of the incident and serving as its captain Limitation Petitioner Henry Dumas duty of care toward the Claimant including but was not necessarily limited to acting as a reasonably prudent vessel operator; operating the vessel in a safe and prudent manner; operating the subject vessel at a safe and appropriate speed; warning about hazards associated with operating and/or traveling as a passenger in the subject vessel; maintaining proper watch over the vessel and surrounding conditions and hazards on the water at all times; operating the vessel with due care given the surrounding circumstances and conditions; if voluntarily undertaking additional duties, and/or carrying out those duties with due care under the circumstances.

31.    **BREACH OF DUTIES OF CARE**: The Limitation Petitioner Henry Dumas breached his duty of care owned to the Claimant and otherwise demonstrated a careless, deliberate and grossly negligent lack

of attention and seamanship as further described in **paragraphs 13-15, 18-23** incorporated herein.

32.    **PROXIMATE CAUSE**: As a direct and proximate result of one or more of the foregoing acts, omissions, and/or conduct described above, Limitation Petitioner Henry Dumas caused the crash which resulted in the Claimant being struck by or injured. But for Henry Dumas' conduct, acts, and/or omissions described herein, the crash would have been avoided and the Claimant would have escaped injury.

33.    **DAMAGES**: As direct result of Limitation Petitioner Henry Dumas' negligence, the Claimant has and will suffer catastrophic, life changing injuries and damages in the past and in the future as more thoroughly described in **paragraphs 16-17** incorporated herein.

WHEREFORE, the Claimant demands Judgment for damages against the Limitation Petitioner Henry Dumas for economic and non-economic damages and losses suffered in the past and in the future as a result of the Claimant's personal injuries including but not limited to: pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, aggravation of a disease or physical defect, and the loss of the capacity for the enjoyment

of life; medical and health care expenses, medical care and treatment, loss of income and wages, loss of ability to earn income and wages, and other expenses incurred in the past and in the future, all court costs, all interest, and any and all other damages which the Court deems just or appropriate.

## COUNT II
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST LIMITATION PETITIONER HENRY DUMAS

34.    The Claimant adopts, incorporates, and re-alleges paragraphs 1-23 above.

35.    This is a count for intentional infliction of emotional distress against Limitation Petitioner Henry Dumas. "Although maritime law does not explicitly provide a cause of action for emotional distress, Plaintiffs may nevertheless state an intentional infliction of emotional distress claim in a maritime context." *Markham v. Carnival Corporation*, 2012 WL 12866787 (S.D. Fla. Dec. 3, 2012)(citing *McAllister v. Royal Caribbean Cruises, Ltd.*, 2003 WL 23192102, at *4 (E.D. Pa. Sept. 30, 2003)); *Wallis v. Princess Cruises, Inc.*, 306 F.3d 827, 841 (9th Cir. 2002).

36.    **DUTY**: Limitation Petitioner Henry Dumas owed the Claimant a duty of care of acting reasonably under the circumstances.

However, Limitation Petitioner Henry Dumas' conduct was intentional or reckless. Henry Dumas knew or certainly should have known the high risk and dangerousness of driving his pontoon boat at a high rate of speed around a blind bend in the river as well as driving at a high rate of speed directly at a small vessel half its size while distracted and/or without a lookout. Dumas knew or should have known that torpedoing his vessel directly at, into and over the small vessel is outrageous conduct that goes beyond all bounds of decency and is to be regarded as odious and utterly intolerable in a civilized community.

37. **BREACH**: Henry Dumas' outrageous conduct caused the Claimant severe emotional distress as a direct and proximate result of this collision. The Claimant was in the immediate vicinity of the point of impact at the time of the crash. The Claimant feared the immediate risk of being personally struck, being dragged down into the water of his sinking boat, without being able to free himself would cause him to drown and die. The Claimant feared that he was going to drown and die as a result of this impact.

38. But for Henry Dumas' conduct, acts, and/or omissions described herein and more thoroughly described and incorporated

herein in **paragraphs 13-15, 18-23** above, the crash would have been avoided and the Claimant would have escaped injury.

39.   **PROXIMATE CAUSE**: The Claimant suffered discernable physical injury as a direct result and proximate cause of Henry Dumas' conduct which caused this violent collision.

40.   **DAMAGES**: As direct result of Limitation Petitioner Dumas' negligence, the Claimant has and will suffer catastrophic, life changing injuries and damages in the past and in the future as more thoroughly described in **paragraphs 16-17** incorporated herein.

WHEREFORE, the Claimant demands Judgment for damages against the Limitation Petitioner Henry Dumas for economic and non-economic damages and losses suffered in the past and in the future as a result of the Claimant's personal injuries including but not limited to: pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, aggravation of a disease or physical defect, and the loss of the capacity for the enjoyment of life; medical and health care expenses, medical care and treatment, loss of income and wages, loss of ability to earn income and wages, and other expenses incurred in the past and in the future, all court costs, all

interest, and any and all other damages which the Court deems just or appropriate.

### COUNT III
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### AGAINST LIMITATION PETITIONER HENRY DUMAS

41.    The Claimant adopts, incorporates, and re-alleges paragraphs 1-23 above.

42.    This is a count for negligent infliction of emotional distress against Limitation Petitioner Henry Dumas who owed a nondelegable duty of reasonable care under the circumstances.

43.    As an owner, co-owner, and/or vessel operator Limitation Petitioner Henry Dumas owed a nondelegable duty of reasonable care under the circumstances to safely operate, navigate, control and/or maintain the pontoon boat while upon the navigable waters of the State of Florida.

44.    **DUTY**: On the date of the subject incident Henry Dumas owned, co-owned, operated, co-operated, controlled, navigated, managed, supervised, and/or directed the pontoon boat jointly, individually, and/or by supervision, control, and through direction of others.  As owner, operator, and/or navigator Henry Dumas owed a

reasonable duty of care under the circumstances including but not limited to acting as a reasonably prudent vessel operator operating the vessel safely, looking out for other vessels in the waterway, keeping the subject vessel in proper working order, maintaining the appropriate trim to the engines and observing all pertinent boating safety and navigational rules.

45.    At all times relevant the Claimant acted reasonably, prudently and exercised due care for their own safety and the safety of others.

46.    **BREACH OF DUTIES OF CARE**: Limitation Petitioner Henry Dumas negligently, recklessly, and carelessly operated the subject vessel without keeping a proper and sufficient lookout at all times, including when the vessel was underway. Henry Dumas operated the subject vessel at an excessive rate of speed based upon water conditions, weather conditions, and/or posted speed limits such that the vessel collided with the small open motorboat operated by the Claimant and caused resulting injuries to the Claimant.

47.    By operating the subject vessel on the date of the incident and serving as its captain Limitation Petitioner Henry Dumas duty of

care toward the Claimant included but was not necessarily limited to acting as a reasonably prudent vessel operator; operating the vessel in a safe and prudent manner; operating the subject vessel at a safe and appropriate speed; warning about hazards associated with operating and/or traveling as a passenger in the subject vessel; maintaining proper watch over the vessel and surrounding conditions and hazards on the water at all times; operating the vessel with due care given the surrounding circumstances and conditions; if voluntarily undertaking additional duties, and/or carrying out those duties with due care under the circumstances.

48.    Defendant Henry Dumas breached his duty of care owed to the Claimant and otherwise demonstrated a careless, deliberately reckless, wanton and grossly negligent lack of attention and safe seamanship by virtue of the following acts and/or omissions described herein and more thoroughly described and incorporated herein in **paragraphs 13-15, 18-23** above, the crash would have been avoided and the Claimant would have escaped injury.

49.    **ZONE OF DANGER**: A claimant may recover for negligent infliction of emotional distress for "emotional injury to those plaintiffs

who sustain a physical impact as a result of a defendant's negligent conduct, or who are placed in immediate risk of physical harm by that conduct." *Twyman v. Carnival Corporation*, 410 F.Supp.3d 1311 (S.D. Fla. 2019) (quoting *Martins v. Royal Caribbean Cruises Ltd.*, 174 F. Supp. 3d 1345, 1354 (S.D. Fla. 2016).  In this case the Claimant was not only threatened by imminent physical impact but were actually physically impacted by the threat.   Because of the Limitation Petitioner's negligence, the Claimant was in a small open motorboat as compared to the Limitation Petitioner's vessel which was nearly double in size. Limitation Petitioner Henry Dumas drove his vessel at a high rate of speed around a blind bend while distracted and without maintaining a proper look out directly into the Claimant. The Claimant had no means or ability to protect himself because he could not see nor avoid the other vessel that raced up behind him.  Instead, Henry Dumas crashed his large heavy pontoon boat directly into and up on the little vessel, which physically struck the Claimant's body.

50. **PROXIMATE CAUSE - SEVERE AND EMOTIONAL HARM**: The Claimant suffered severe emotional harm and distress as a direct and proximate result of this collision.    The Claimant was in

the immediate vicinity of the point of impact at the time of the crash.

The Claimant feared the immediate risk of being personally struck and

drowning as a result of this crash. The Claimant feared that he was

going to be killed as a result of the impact or drown as a direct result of

this incident.  The Claimant got stuck and/or was being dragged down

by his damaged vessel as it was sinking.  While being dragged down

into the water and seeing the surface above him, the Claimant felt and

feared the immediate risk of drowning.

51.    **DAMAGES**: As direct result of Limitation Petitioner Henry

Dumas' negligence, the Claimant has and will suffer catastrophic, life

changing injuries and damages in the past and in the future as more

thoroughly described in **paragraphs 16-17** incorporated herein.

WHEREFORE, the Claimant demands Judgment for damages

against the Limitation Petitioner for economic and non- economic

damages and losses suffered in the past and in the future as a result of

the Claimant's personal injuries including but not limited to: pain,

suffering, disability, physical impairment, scarring, disfigurement,

mental anguish, inconvenience, aggravation of a disease or physical

defect, and the loss of the capacity for the enjoyment of life; medical and

health care expenses, medical care and treatment, loss of income and wages, loss of ability to earn income and wages, and other expenses incurred in the past and in the future, all court costs, all interest, and any and all other damages which the Court deems just or appropriate.

## COUNT IV
## NEGLIGENT ENTRUSTMENT AGAINST
## LIMITATION PETITIONER NOVELLE DUMAS

52. The Claimant hereby adopts and incorporates the allegations in paragraphs 1-23 above.

53. This is a count based on Limitation Petitioner Novelle Dumas' negligent entrustment of the subject vessel to Henry Dumas.

54. **DUTY**: On the day of the subject incident Limitation Petitioner Novelle Dumas owed the Claimant a reasonably duty of care to forbid third persons from operating, taking charge of, commanding, and/or controlling the subject vessel under circumstances where Limitation Petitioner Novelle Dumas knew or should have known that the control/operation by the third person would cause an unreasonable risk of harm to others including the severe and permanent injuries of the Claimant.

55.    On the date of the subject incident, Limitation Petitioner Novelle Dumas allegedly was the title owner and/or co-owner of the subject pontoon boat. Limitation Petitioner Novelle Dumas owned, co-owned operated, co-operated, navigated, managed, maintained, entrusted, rented directed, and/or controlled the vessel.

56.    At all times material hereto Limitation Petitioner Novelle Dumas knew or should have known that the operator and master Henry Dumas was unfit, inexperienced, and lacked the training, knowledge of navigation rules and boating rules, and/or competency to operate the subject vessel safely.  Limitation Petitioner Novelle Dumas knew or should have known that Henry Dumas was unfit, inexperienced and lacked the training, knowledge navigating the waters.

57.    **<u>BREACH OF DUTIES OF CARE</u>**: Despite what Limitation Petitioner Novelle Dumas knew or should have known regarding the operator's lack of fitness, competency, and/or condition, Limitation Petitioner Novelle Dumas negligently, carelessly and recklessly permitted the operator Henry Dumas to operate, navigate, control, and/or take command of the vessel. Limitation Petitioner Novelle Dumas entrusted the subject vessel despite what they knew or should

have known under the circumstances. Accordingly, Limitation Petitioner Novelle Dumas created an appreciable risk of harm to others, including the Claimant.

58. At all relevant times, the Claimant acted reasonably and prudently and exercised due care for their own safety and the safety of others on the waterway.

59. Notwithstanding the duties owed by Limitation Petitioner Novelle Dumas to the Claimant, Limitation Petitioner Novelle Dumas breached her duty of care and were negligent by permitting the operator to operate, take charge of, command, navigate, and/or control the vessel when Limitation Petitioner Novelle Dumas knew or should have known the operator was not fit to operate the subject vessel; permitting the operator to operate the vessel when despite knowledge of their lack of fitness, competency, knowledge, and/or training in the operation of a vessel, and/or by permitting and otherwise negligently entrusting the vessel to the operator when Limitation Petitioner Novelle Dumas knew or should have known it was careless, unsafe, reckless, and/or would cause an appreciable risk to others.

60.    The aforesaid acts of negligence occurred or were occasioned within the privity or knowledge of Limitation Petitioner Novelle Dumas singularly and/or by and through any and all agents, servants, and/or individuals controlled by Limitation Petitioner Novelle Dumas.

61.    **<u>PROXIMATE CAUSE</u>**: Limitation Petitioner Novelle Dumas directly and proximately caused the Claimant's injuries.  As a direct and proximate result of one or more of the foregoing acts, omissions, and/or conduct described above, Limitation Petitioner Henry Dumas caused the crash which resulted in the Claimant being struck by or injured. But for Limitation Petitioners' conduct, acts, and/or omissions described herein, the crash would have been avoided and the Claimant would have escaped injury.

62.    **<u>DAMAGES</u>**: As direct result of Limitation Petitioner Novelle Dumas negligent entrustment of the subject pontoon boat, the Claimant has and will suffer catastrophic, life changing injuries and damages in the past and in the future as more thoroughly described in **paragraphs 16-17** incorporated herein.

WHEREFORE, the Claimants demand Judgment for damages against Limitation Petitioner Novelle Dumas for economic and non-economic damages and losses suffered in the past and in the future as a result of the Claimant's personal injuries including but not limited to: pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, aggravation of a disease or physical defect, and the loss of the capacity for the enjoyment of life; medical and health care expenses, medical care and treatment, loss of income and wages, loss of ability to earn income and wages, and other expenses incurred in the past and in the future, all court costs, all interest, and any and all other damages which the Court deems just or appropriate.

## <u>PRESERVATION OF DEMAND FOR JURY TRIAL</u>

The Claimant hereby reserves his right to proceed in State Court with the right to demand Trial by Jury of all issues.

By: _s/ Sarah A. Lobel_____
**John H. Hickey** (FBN 305081)
hickey@hickeylawfirm.com
**Sarah A. Lobel** (FBN 88716)
slobel@hickeylawfirm.com
HICKEY LAW FIRM, P.A.
Douglas Entrance Office Parc

Executive Tower
804 South Douglas Road
Suite 373
Coral Gables, FL 33134
Tel: (305) 371-8000 | Fax: (305) 371-3542
*Counsel for Claimant*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on 11th day of April 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Filing.

By: *s/ Sarah A. Lobel*
  **John H. Hickey** (FBN 305081)
  hickey@hickeylawfirm.com
  **Sarah A. Lobel** (FBN 88716)
  slobel@hickeylawfirm.com
  HICKEY LAW FIRM, P.A.
  Douglas Entrance Office Parc
  Executive Tower
  804 South Douglas Road
  Suite 373
  Coral Gables, FL 33134
  Tel: (305) 371-8000 | Fax: (305) 371-3542
  *Counsel for Claimant*

IN THE MATTER OF THE COMPLAINT OF NOVELLE DUMAS
AND HENRY DUMAS, AS OWNERS OF A 2020 21' BENNINGTON
MARINE PONTOON BOAT, HIN# ETWH6560H920, FLORIDA
VESSEL REGISTRATION NUMBER FL7429SN, FOR EXONERATION
FROM OR LIMITATION OF LIABILITY

CASE NO.: 5:24-CV-00649-RBD-PRL

### **SERVICE LIST**

**John H. Hickey, Esq.** (FBN 305081)
hickey@hickeylawfirm.com
federalcourtfilings@hickeylawfirm.com
**Sarah A Lobel, Esq.** (FBN 88716)
slobel@hickeylawfirm.com
kporras@hickeylawfirm.com
**HICKEY LAW FIRM, P.A.**
Douglas Entrance Office Parc
Executive Tower
804 South Douglas Road
Suite 373
Coral Gables, FL 33134
Tel. (305) 371-8000
Fax: (305) 371-3542
*Counsel for Claimant*

**J. Michael Pennekamp, Esq.**
Fla. Bar No. 983454
Email: jmp@fowler-white.com
Adam B. Cooke, Esq.
Fla. Bar No. 634182
Email: acooke@fowler-white.com
FOWLER WHITE BURNETT, P.A.
Brickell Arch, Fourteenth Floor
Miami, Florida 33131
Telephone: (305) 789-9200
Facsimile: (305 789-9201
*Counsel for Petitioners*