# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### OCALA DIVISION

**NOVELLE DUMAS and HENRY DUMAS,**

      **Petitioners,**

**v.**                               **Case No: 5:24-cv-649-RBD-PRL**

**FARRELL ADKINS,**

      **Respondent.**

---

## ORDER

This cause comes before the Court on an Unopposed Motion for Leave to Amend Mediation Date filed by Farrell Adkins ("Adkins"). (Doc. 47). Adkins requests leave of Court for the parties to file an amended Notice of Mediation, advising the Court of the rescheduled mediation conference set for August 28, 2025, with the agreed-upon mediator, Jacob J. Munch, Esq. (*Id*. at p. 2). Adkins represents that the Petitioners do not object to the requested relief in the motion. (*Id*.).

Petitioners initiated this admiralty action on December 3, 2024. (Doc. 1). On April 29, 2025, the parties filed a joint Case Management Report with proposed dates for various deadlines, including the mediation deadline, but omitted the name of a mediator that the parties agreed upon. (Doc. 33 at p. 2). On May 2, 2025, the Court issued its Case Management and Scheduling Order ("CMSO"), setting the mediation deadline for April 21, 2026, and listing the mediator as "TBD." (Doc. 34 at p. 3).[1] Shortly thereafter, on May 6, 2025, the

---

[1] In the CMSO, the Court ordered the designated lead counsel (Adam B. Cooke, Esq.) to "file a Notice with the Court advising of the specific date and location of the parties' mediation"

Court directed the parties to confer and then advise the Court on the selection of a mediator no later than May 19, 2025. (Doc. 37).

On May 19, 2025, the parties filed a Notice of Selection of Mediator, indicating that they agreed to select Jacob J. Munch, Esq., as the mediator to conduct mediation in this matter. (Doc. 38).[2] The next day, on May 20, 2025, the parties filed a Notice of Mediation Conference, which the Court struck from the docket. (Doc. 40). In striking the Notice of Mediation Conference, the Court stated that it "may accommodate counsel to conduct remote mediation, but the parties are forewarned that if the remote mediation is unsuccessful, they will be required to mediate again in person." (*Id.*). On June 5, 2025, the Court granted the parties' Joint Motion for Leave to Allow Parties to Appear Virtually at Mediation, permitting the parties to conduct remote mediation on July 9, 2025, but again issuing a warning that "if the remote mediation is unsuccessful, they will be required to mediate again in person." (Doc. 42; *see* Doc. 41 at pp. 1-2).

Adkins now moves for leave of Court to allow the parties to file an amended Notice of Mediation, advising the Court of the rescheduled mediation conference scheduled for August 28, 2025, with Jacob Munch as the mediator. (Doc. 47 at p. 2). Adkins indicates that the request to reschedule the mediation date is "not made for the purpose of delay, but to correct a scheduling conflict which was inadvertently scheduled and to adhere to federal deadlines in other matters as well as the present matter." (*Id.*). Although Petitioners do not

---

after conferring with opposing counsel and the mediator within 14 days of the CMSO. (*Id.* at pp. 3, 14-15).

[2] The parties' Notice of Selection of Mediator, however, failed to include a specific date for the parties' mediation. (*See id.*).

oppose rescheduling the mediation to August 28, 2025 (*id*.), it is unclear whether the mediator, Jacob Munch, consented to rescheduling the remote mediation to August 28, 2025.[3]

Given that the parties' deadline to conduct mediation is not until April 21, 2026 (Doc. 34 at p. 3), the Court will allow the parties to reschedule mediation for August 28, 2025, upon the mediator's consent.

Accordingly, upon due consideration, it is **ORDERED** that:

(1) Farrell Adkins' Unopposed Motion for Leave to Amend Mediation Date (Doc. 47) is **GRANTED** to the extent that the mediator, Jacob J. Munch, Esq., consents to rescheduling the remote mediation to **August 28, 2025**. With the mediator's consent, the parties may conduct remote mediation on August 28, 2025.

(2) The parties are directed to confer with the mediator and shall file a notice with the Court advising of the specific date and location of the parties' mediation on or before **July 21, 2025**.

(3) The parties are once again forewarned that if the remote mediation is unsuccessful, they will be required to mediate again in person.

**DONE** and **ORDERED** in Ocala, Florida on July 7, 2025.

---

[3] The CMSO provides that "[e]xcept as limited by this CMSO, the appointed mediator shall have all powers and authority to conduct a mediation[,]" and "[i]f necessary, the coordinating attorney may coordinate the rescheduling of a mediation conference within the time allowed in this CMSO." (Doc. 34 at p. 15).

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties