UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**NOVELLE DUMAS and HENRY DUMAS,**

    Petitioners,

v.                                                      Case No: 5:24-cv-649-RBD-PRL

**FARRELL ADKINS,**

    Respondent.

_____

### REPORT AND RECOMMENDATION[1]

This cause, upon referral, comes before the Court on Petitioners' Motion for Entry of Final Default Judgment. (Doc. 44). Pursuant to Federal Rule of Civil Procedure 55(b)(2), Petitioners request that the Court enter a final default judgment against all claimants who have not filed a claim in this action. (*Id.* at pp. 1-2). Because the required notices have been given and the time for filing a claim or answer has expired, the undersigned recommends that Petitioners' motion be granted and a default judgment be entered against all persons and entities that have not filed a claim in this action by the established February 26, 2025 deadline.

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. *See* Fed. R. Civ. P. 72(b)(2); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(C). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

I.  **BACKGROUND**

On December 3, 2024, Petitioners Novelle Dumas and Henry Dumas, as owners of a 2020 21-foot Bennington Marine Pontoon Boat, bearing hull identification number ETWH6560H920 and Florida vessel registration number FL7429SN ("Vessel"), initiated this admiralty action pursuant to the Limitation of Liability Act, 46 U.S.C. §§ 30501 *et seq.*,[2] and Rule F of the Supplemental Rules for Admiralty or Maritime Claims of the Federal Rules of Civil Procedure ("Supplemental Rule F"), claiming the right to exoneration from or limitation of liability for all claims arising out of an incident involving the Vessel on February 10, 2024. (*See generally* Doc. 1). The complaint alleges that the Vessel was involved in a collision with a 2003 Tracker Marine L.P. 14-foot Motor Boat, bearing hull identification number BUJ69931203 and Florida vessel registration number FL8198MH, on the Ocklawaha River in Marion County, Florida. (*Id.* at ¶ 6).

Not long after the complaint was filed, on December 13, 2024, the Court issued an Order Approving Ad Interim Stipulation of Value, Directing Issuance of Monition and Injunction (Doc. 9), and a Monition and Injunction (Doc. 10), allowing prospective claimants to file their respective claims or answers to the complaint on or before February 26, 2025.[3] A few days later, on December 17, 2024, the Court issued a Notice to Claimants of Petition for

---

[2] The Limitation of Liability Act "allows a vessel owner to limit liability for damage or injury that occurs without the owner's privity or knowledge, to the value of the vessel or the owner's interest in the vessel." *See In re Petition of Freedom Marine Sales LLC*, No. 8:23-cv-2890-SDM-NHA, 2024 WL 2874817, at *1 (M.D. Fla. May 7, 2024) (citing 46 U.S.C. § 30529; *Orion Marine Constr., Inc. v. Carroll*, 918 F.3d 1323, 1325 (11th Cir. 2019)).

[3] "In admiralty cases, when a vessel owner files a complaint in district court for exoneration from or limitation of liability pursuant to 46 U.S.C. § 30501, *et seq.*, it is within the district court's authority to establish a motion period during which all claimants must file their respective claims, or be defaulted." *Black Hammock Airboat Ventures v. All Potential Claimants*, No. 6:23-cv-603-PGB-EJK, 2023 WL 9547879, at *2 (M.D. Fla. Dec. 14, 2023), *report and recommendation adopted*, 2024 WL 473699 (M.D. Fla. Jan. 2, 2024) (citing *Am. Com. Lines, Inc. v. United States*, 746 F.2d 1351, 1351 (8th Cir. 1984)).

Exoneration from or Limitation of Liability ("Notice to Claimants"). (Doc. 11). The Notice to Claimants expressly stated that "[a]ny claimant who desires to contest either the right to Exoneration from or the right to Limitation of Liability shall file and serve on attorneys for Petitioners an answer to the Complaint, on or before the aforesaid date [of February 26, 2025], unless the claim includes an answer, so designated, or be defaulted." (*Id.* at p. 2)

Petitioners published the Notice to Claimants in the *Ocala StarBanner*, a newspaper of general circulation in Marion County, Florida, where the incident described in the complaint occurred, for four consecutive weeks on December 23, 2024, December 30, 2024, January 6, 2025, and January 13, 2025. (Doc. 14; Doc. 14-1; *see* Doc. 27 at p. 1). Additionally, Petitioners averred that they served a notice of this action to each person that they anticipated may bring a claim. (Doc. 27 at p. 1; *see* Doc. 15). On February 24, 2025, before the established deadline, Farrell Adkins ("Adkins") filed an answer (Doc. 17) and his initial claim (Doc. 19)[4] in this action.

After the February 26, 2025 deadline had passed, Petitioners filed a Motion for Entry of Clerk's Default Against Non-Responding Claimants on April 14, 2025, requesting entry of a clerk's default against all potential claimants who failed to file a claim or answer by the deadline. (Doc. 27). The following day, on April 15, 2025, the Clerk entered a default against all non-responding claimants pursuant to Rule 55(a). (Doc. 30). A few weeks later, on June 9, 2025, the Court issued an Order to Show Cause, ordering Petitioners to show cause by written response why this case should not be dismissed for failure to prosecute due to Petitioners' failure to seek default judgment pursuant to Rule 55(b)(2) within the 35-day time

---

[4] With leave of Court (Doc. 23), Adkins later filed an amended claim on April 11, 2025 (Doc. 24).

period provided by Local Rule 1.10(c).[5] (Doc. 43). Along with their show cause response, the Court allowed Petitioners to file a motion for default judgment on or before June 20, 2025. (*Id.* at p. 1).

On June 18, 2025, Petitioners filed the instant motion, moving for entry of final default judgment against all non-responding claimants pursuant to Rule 55(b)(2). (Doc. 44).[6] To date, Adkins is the only claimant who has filed a claim or answer in this action. (*See* Doc. 17; Doc. 19; Doc. 24). No other potential claimants to this action have filed a claim, answer, or otherwise appeared in this action.

## II.   LEGAL STANDARDS

Federal Rule of Civil Procedure 55 provides a "two-step procedure for obtaining a final default judgment." *See Matter of Complaint of Wild Fla. Airboats, LLC*, No. 6:16-cv-2207-ORL-31GJK, 2017 WL 3891777, at *2 (M.D. Fla. Aug. 29, 2017), *report and recommendation adopted sub nom. In re Wild Fla. Airboats, LLC*, 2017 WL 3877598 (M.D. Fla. Sept. 5, 2017); *see generally* Fed. R. Civ. P. 55. First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." *See* Fed. R. Civ. P. 55(a). Second, if the plaintiff's claim is for a sum certain or an ascertainable sum, the clerk—upon the plaintiff's request and an affidavit showing the amount due—must enter a judgment by default. *See* Fed. R. Civ. P. 55(b)(1). In all other cases, the party entitled to judgment must apply to the district court for a default judgment. *See* Fed. R. Civ. P. 55(b)(2). This two-step procedure has been

---

[5] Local Rule 1.10(c) provides that "[w]ithin thirty-five days after entry of a default, the party entitled to a default judgment must apply for the default judgment or must file a paper identifying each unresolved issue—such as the liability of another defendant—necessary to entry of the default judgment." *See* M.D. Local Rule 1.10(c).

[6] In their Motion for Entry of Final Default Judgment, Petitioners explicitly state that they do not seek default judgment against Adkins. (*Id.* at p. 2).

consistently applied in admiralty actions filed under the Limitation of Liability Act. *See Matter of Complaint of Wild Fla. Airboats, LLC*, 2017 WL 3891777, at *2 (citation omitted).

In such cases, the Supplemental Rules set forth strict deadlines for providing notice to potential claimants and the filing of claims. Supplemental Rule F(4) states, in pertinent part:

> [T]he court shall issue a notice to all persons asserting claims with respect to which the complaint seeks limitation, admonishing them to file their respective claims with the clerk of the court and to serve on the attorneys for the plaintiff a copy thereof on or before a date to be named in the notice. The date so fixed shall not be less than [thirty] days after issuance of the notice. . . . The notice shall be published in such newspaper or newspapers as the court may direct once a week for four consecutive weeks prior to the date fixed for the filing of claims. The plaintiff not later than the day of second publication shall also mail a copy of the notice to every person known to have made any claim against the vessel or the plaintiff arising out of the voyage or trip on which the claims sought to be limited arose.

Fed. R. Civ. P. Supp. R. F(4). Supplemental Rule F(5) instructs that, once notice has been given, all "[c]laims shall be filed and served on or before the date specified in the notice provided." *See* Fed. R. Civ. P. Supp. R. F(5). Supplemental Rule F(5) further provides that, "[i]f a claimant desires to contest either the right to exoneration from or the right to limitation of liability[,] the claimant shall file and serve an answer to the complaint unless the claim has included an answer." *See id*.

Pursuant to these rules, "[a] default judgment may be entered against any potential claimant who fails to respond to the public notice within the established notice period so long as petitioner has complied with the requirements of Supplemental Rule F(4)." *See Matter of Hall*, No. 6:19-cv-235-ORL-37GJK, 2019 WL 6052872, at *2 (M.D. Fla. Oct. 31, 2019), *report and recommendation adopted*, 2019 WL 6051434 (M.D. Fla. Nov. 15, 2019) (citation omitted); *see also In the Matter of Reef Innovations, Inc.*, No. 6:11-cv-1703-ORL-31GJK, 2012 WL 195531, at *1-2 (M.D. Fla. Jan. 6, 2012), *report and recommendation adopted*, 2012 WL 177558 (M.D.

Fla. Jan. 23, 2012) (noting that a party seeking a default judgment on an exoneration from or limitation of liability action must publish a notice of the action in a newspaper for four consecutive weeks).

### III.   DISCUSSION

Upon review, Petitioners have demonstrated that they have sufficiently complied with the requirements of Supplemental Rule F. Specifically, Petitioners published the Notice to Claimants in the *Ocala StarBanner* for four consecutive weeks prior to the February 26, 2025 deadline for the filing of claims, as required by Supplemental Rule F(4). (Doc. 14; Doc. 14-1; *see* Doc. 27 at p. 1). The Notice to Claimants expressly stated that the deadline for filing a claim or answer to the complaint was February 26, 2025, and that failure to timely file such a claim or answer would result in default. (Doc. 14-1; *see* Doc. 11). Additionally, in accordance with Supplemental Rule F(4), Petitioners provided notice to all known claimants, including Adkins, who filed a timely claim and answer. (Doc. 27 at p. 1; *see* Doc. 15). Other than Adkins, no other individuals or entities filed a claim, answered the complaint, or otherwise appeared in this action by the February 26, 2025 deadline. The time for potential claimants to file a claim or answer has expired, and a clerk's default has been entered against all the non-responding claimants (Doc. 30). Given the foregoing, the undersigned finds that a default judgment against the non-responding claimants should now be entered pursuant to Rule 55(b)(2).

**IV.   RECOMMENDATION**

Accordingly, upon due consideration, it is **respectfully recommended** that:

(1) Petitioners' Motion for Entry of Final Default Judgment (Doc. 44) be **GRANTED**.

(2) The Clerk be **directed** to enter default judgment against all persons and entities that have not filed a claim in this action by the February 26, 2025 deadline.

**Recommended** in Ocala, Florida on July 7, 2025.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy